**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FINANCIAL PACIFIC LEASING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| MILE HUNTERS INC. f/k/a PROFANE | ) | |
| INVEST INC. and PEETER NIGOL, | ) | |
| | ) | |
| Defendant(s). | ) | |

## VERIFIED COMPLAINT

NOW COMES Plaintiff Financial Pacific Leasing, Inc. ("Financial Pacific"), by and through counsel, and for its Verified Complaint for Breach of Contract, Breach of Guaranty, Replevin, and Detinue against Defendant Mile Hunters Inc. f/k/a Profane Invest Inc. ("MHI") and Peeter Nigol ("Nigol") (collectively the "Defendants"), states as follows:

## PARTIES

1.      Financial Pacific is a Washington corporation with its principal place of business at 3455 S. 344th Way, Suite 300, Federal Way, Washington 98001 and is fully authorized to do business in the State of Illinois.

2.      MHI is an Illinois corporation with its principal place of business at 7937 S. Harlem Avenue, Ste. 104, Burbank, IL 60459.

3.      Upon information and belief, Nigol is a citizen of the State of Illinois, Nigol maintains his domicile at 7937 S. Harlem Avenue, Ste. 104, Burbank, IL 60459.

## JURISDICTION AND VENUE

4.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), because MHI's principal place of business is in this district, and Nigol's residence is located in this judicial district. *See* 28 U.S.C. § 1391(b)(1) (West 2023).

## BACKGROUND

6.      On or about September 22, 2022, non-party Ascentium Capital LLC ("Ascentium"), as lender, and MHI, as debtor, entered into Equipment Finance Agreement No. xxx9877 (the "Agreement") wherein Ascentium agreed to finance MHI's acquisition of one (1) 2019 PETERBILT 579 VIN# 1XPBD49X6KD (the "Equipment"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7.      Pursuant to the Agreement, MHI agreed to make sixty (60) consecutive monthly payments in the amount of $2,070.10, plus applicable taxes. *See* Exhibit 1.

8.      To secure MHI's obligations under the Agreement, MHI granted Ascentium a security interest in the Equipment. MHI's Grant of Security Interest can be found on the face of Exhibit 1.

9.      To induce Ascentium to enter into the Agreement, Nigol personally guaranteed the obligations of MHI under the Agreement (the "Guaranty"). A true and correct copy of the Guaranty can be found on the face of Exhibit 1.

10.      On September 22, 2022, MHI signed a Delivery and Acceptance Certificate verifying that it received and accepted the Equipment. A true and correct copy of the Delivery and Acceptance Certificate for the Equipment is attached hereto as Exhibit 2.

11. Ascentium's security interest in the 2019 PETERBILT 579 VIN# 1XPBD49X6KD is reflected in a Certificate of Title of a Vehicle (the "Peterbilt Title") from the State of Illinois. A true and correct copy of the Peterbilt Title is attached hereto as <u>Exhibit 3</u>.

12. On March 23, 2023, Ascentium sent a Notice of Assignment to the Defendants informing them that Ascentium assigned all of its rights and interest in the Agreement, Guaranty, and the Equipment to Financial Pacific. Financial Pacific has since renumbered the Agreement to Agreement# xxx-xxxxxx5-301. A true and correct copy of Ascentium's Notice of Assignment is attached hereto as <u>Exhibit 4</u>.

13. MHI defaulted under the agreement by failing to make payment due January 15, 2023 and all payments thereafter.

14. Nigol failed to make payments due under the Guaranty.

15. The failure to make timely payments constitutes a default pursuant to the Agreement and Guaranty. *See* "Default and Remedies" paragraph in Exhibit 1 and Guaranty.

16. As a result of the default under the Agreement, Financial Pacific is entitled to all sums becoming immediately due and payable, all future payments discounted to present value at the rate of three percent (3%), plus late fees in the amount of ten percent (10%), plus attorneys' fees and costs. *See* Exhibit 1 "Agreement" and "Default and Remedies" paragraphs.

17. Pursuant to the Agreement, Financial Pacific is entitled to prejudgment interest at the rate of 1.5% per month on any sums past due. *See* Exhibit 1 "General" paragraph.

18. Financial Pacific demanded payment from MHI and Nigol under the Agreement and Guaranty, but MHI and Nigol have failed or refused to make payment.

19. Financial Pacific has demanded the return of the Equipment from MHI and Nigol, but the Defendants have failed or refused to return the Equipment.

20.     Financial Pacific has fully performed its obligations under the terms of the Agreement and Guaranty.

## COUNT I - BREACH OF CONTRACT
## AGAINST DEFENDANT MILE HUNTERS INC. f/k/a PROFANE INVEST INC.

21.     Financial Pacific realleges and reasserts Paragraphs 1 through 20 of its Verified Complaint as though fully set forth herein.

22.     MHI defaulted under the Agreement by failing to make payments when due.

23.     Due to MHI's default under the Agreement, Financial Pacific has suffered actual damages in the amount of $119,444.77, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff Financial Pacific Leasing, Inc., respectfully requests that the Court enter judgment in its favor and against Defendant Mile Hunters Inc. f/k/a Profane Invest Inc. in the amount of $119,444.77, plus prejudgment interest at the rate of 1.5% per month, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT II – BREACH OF GUARANTY
## AGAINST DEFENDANT PEETER NIGOL

24.     Financial Pacific re-alleges and reasserts Paragraphs 1 through 23 of its Verified Complaint as though fully set forth herein.

25.     Nigol defaulted under the Guaranty by failing to make payments when due.

26.     Due to Nigol's default under the Guaranty, Financial Pacific has suffered actual damages in the amount of $119,444.77, plus interest and attorneys' fees and costs.

WHEREFORE, Plaintiff Financial Pacific Leasing, Inc., respectfully requests that the Court enter judgment in its favor and against Defendant Peeter Nigol in the amount of $119,444.77, plus prejudgment interest at the rate of 1.5% per month, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT III – REPLEVIN
## AGAINST DEFENDANT MILE HUNTERS INC. f/k/a PROFANE INVEST INC.

27.     Financial Pacific re-alleges and re-asserts Paragraphs 1 through 26 of its Verified Complaint as though fully set forth herein.

28.     This claim is brought pursuant to 735 ILCS § 5/19-101, *et seq*., made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

29.     Pursuant to Ascentium's assignment of its rights and interest in the Equipment, Financial Pacific has a first priority perfected lien on the Equipment pursuant to the Peterbilt Title, which reflects Financial Pacific's interest. *See* Exhibit 3.

30.     Pursuant to the Agreement, Financial Pacific is entitled to possession of one (1) 2019 PETERBILT 579 VIN# 1XPBD49X6KD.

31.     Due to MHI's default under the Agreement, Financial Pacific is entitled to the return of the Equipment.

32.     MHI failed to surrender the Equipment voluntarily.

33.     MHI is wrongfully and unlawfully detaining the Equipment from Financial Pacific.

34.     Financial Pacific has made demand upon MHI for the return of the Equipment, but MHI has failed and refused to return same.

35.     The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois against property of Financial Pacific, nor seized under any lawful process against the goods and chattels of Financial Pacific subject to such lawful process, nor held by virtue of any order for replevin, execution, or attachment against Financial Pacific.

36.     Upon information and belief, the Equipment is located at 7937 S. Harlem Avenue, Ste. 104, Burbank, IL 60459.

37.     Financial Pacific estimates the fair market value of the Equipment to be between $74,000 and $80,000, depending on its condition.

WHEREFORE, Plaintiff Financial Pacific Leasing, Inc., respectfully requests that this Court enter an Order directing the U.S. Marshal or duly authorized authority to use all necessary force, including the force necessary to break locks, to repossess: one (1) 2019 PETERBILT 579 VIN# 1XPBD49X6KD, or any portion thereof, from 7937 S. Harlem Avenue, Ste. 104, Burbank, IL 60459, or wherever it may be found, and enter a judgment against Mile Hunters Inc. f/k/a Profane Invest Inc. for the value of any of the Equipment not so returned, plus attorneys' fees and costs, as well as such other and further relief as this Court deems just.

## COUNT IV – DETINUE
## AGAINT DEFENDANTS MILE HUNTERS INC. f/k/a PROFANE INVEST INC. AND PEETER NIGOL

38.     Financial Pacific re-alleges and re-asserts Paragraphs 1 through 37 of its Verified Complaint as though fully set forth herein.

39.     Nigol is an officer of MHI who controls the day-to-day operations of MHI.

40.     Financial Pacific is entitled to possession of the Equipment due to the default under the Agreement.

41.     Financial Pacific has a perfected security interest in the Equipment pursuant to the Peterbilt Title. *See* Exhibit 3.

42.     Due to MHI's default under the Agreement, Financial Pacific is entitled to the return of and exclusive possession of one (1) 2019 PETERBILT 579 VIN# 1XPBD49X6KD.

43.     MHI is wrongfully and unlawfully detaining the Equipment from Financial Pacific.

44.     Nigol, through his operational control of MHI, is causing MHI to wrongfully retain possession of and control of the Equipment.

6

45.     After its default, MHI no longer has any right, title, or interest in the Equipment.

46.     Nigol has no right to refuse to cause MHI to honor its legal obligation to surrender the Equipment.

47.     Financial Pacific's right to possession of the Equipment is superior to that of MHI and Nigol.

WHEREFORE, Plaintiff Financial Pacific Leasing, Inc., respectfully requests that this Court enter an Order compelling Mile Hunters Inc. f/k/a Profane Invest Inc. and Peeter Nigol to surrender: one (1) 2019 PETERBILT 579 VIN# 1XPBD49X6KD to Financial Pacific Leasing, Inc. at a place and time directed by Financial Pacific Leasing, Inc. within fourteen (14) days of this Court's entry of a turnover order and/or judgment, and such other and further relief as this Court deems just.

FINANCIAL PACIFIC LEASING, INC.

By:     /s/ Phillip A. Paridy

D. Alexander Darcy (ARDC#: 06220515)
Phillip A. Paridy (ARDC#: 6337769)
Darcy & Devassy PC
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
(312) 784-2400 (t)
(312) 784-2410 (f)
adarcy@darcydevassy.com
pparidy@darcydevassy.com

## <u>VERIFICATION</u>

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that she verily believes the same to be true.

_Janet Gonzales_                                                5/22/2023
Janet Gonzales                                                   Date
Vice President Portfolio Services for
Financial Pacific Leasing